No.——

First Circuit

## BYRNES, ET AL., v. RICHARDSON

(May 8, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Sheriffs and Constables—Par. 27, 30.**
The sheriff has no right or authority to retain money which he seized in a raid upon gambling rooms even though the owner of the money was convicted.

Appeal from the Parish of Washington. Hon. Prentiss B. Carter, Judge.

Action by Martin J. Byrnes and W. C. Phipps against H. C. Richardson.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Brock and Carter, of Franklinton, attorney for plaintiff, appellant.

C. S. Frederick, District Attorney, of Covington, for defendant, appellee.

LECHE, J. The jurisdiction of this court over the matter at issue in this case was passed upon by the Supreme Court when that question was certified to it under Article VII, Section 25, of the Constitution. In answer to our inquiry, the Supreme Court says that property or money actually held as evidence in a criminal court, cannot be taken from the custody of said court without its consent, and as long as said money or property is needed as evidence in said criminal proceeding. But when said proceedings have terminated and a controversy arises over the right to such property or money, then "civil" action arises, which is to be decided in a court having competent "civil" jurisdiction. The Supreme Court then answered in the affirmative, that this Court has jurisdiction of the appeal taken from the ruling of the District Court.

The pleadings and the facts are stated in our original opinion certifying to the Supreme Court the question of the competency of this Court over the appeal.

It is not disputed that the two plaintiffs in this suit, who were defendants in the criminal prosecution, have fully complied with the judgment of the court in that prosecution, and paid the penalty which was imposed upon them. The money and property which was taken by the Sheriff when he raided the establishment kept by the two plaintiffs, is admittedly no longer necessary as evidence in the criminal prosecution, for the proceedings in that prosecution have terminated and the judgment and sentence of the criminal court

have been fully satisfied. Nor is it disputed that the money and property thus taken by the Sheriff belonged to the plaintiffs.

The Sheriff's defense against plaintiff's demand is that the property which he seized and especially the money which is claimed by the plaintiffs was by the mere fact that plaintiffs were convicted, ipso facto forfeited to the State for the benefit of the Parish of Washington, where the offense was committed, and therefore that it was not necessary that said forfeiture be judicially decreed in the sentence imposed upon plaintiffs. This is the question which we are called upon to decide.

This question, so far as we know, or are informed, has never been passed upon by the Supreme Court of Louisiana. Viewing this matter then as new and original, and considering the Constitutional guarantee to every citizen of protection in the enjoyment of his liberty and of his property, it seems to us that it would be violative of this Constitutional right to empower a sheriff who is merely an executive officer, and not clothed with any judicial discretion, to deprive a citizen of his property without the express sanction of a court of justice. It matters not how plain and how evident it may be that the citizen has under the law forfeited his right to that property, the evidence upon which such forfeiture is justified, requires the exercise of discretion which is solely within the domain of the judicial branch of the government. In other words it is a justiciable matter, based upon a controversy between the citizen and the State, and which the citizen has the right to have decided by the courts of the land. The court having failed to pass upon the matter without complaint or objection on the part of the State, the latter has lost

whatever right it may have had to the property.

It seems that when the rule in this proceeding was tried, the trial Judge then ordered the forfeiture of the money held by the Sheriff and the only reason that can be urged for him to have done this was that he considered as we do, that the forfeiture had to be declared by a decree of court. But it was then too late to reopen the case of the State of Louisiana vs. the present plaintiffs. That case was terminated and could only be opened at the request of and with the consent of the plaintiffs. The sentence and judgment pronounced in the criminal proceeding against the plaintiffs had already acquired the force of the thing adjudged.

It must be observed that all the courts of the country draw a distinction between things which are useful and valuable in themselves and intended for lawful purposes, and things which are designed solely for the commission of unlawful acts. Money is in the first mentioned category, while roulettes, slot machines and similar paraphernalia which can only serve in gambling games are in the latter class. The courts hold that the former are lawful property of which the citizen can only be deprived by due process of law, while the latter are nuisances which may be destroyed without notice to their owners.

Our opinion is that the defendant Sheriff has no right or authority to retain the four hundred ninety and 50-100 dollars which he seized in his raid upon the gambling rooms of plaintiffs.

We are fortified in this conclusion by the authority of the case of Arbuster vs. Arthur Bean, 3 Orleans Appeals, p. 134, which is not presently accessible to us, but of which the syllabus is quoted at length in plaintiffs' brief.

For these reasons the judgment appealed from is avoided and reversed and it is now ordered that the rule herein taken by plaintiffs be made absolute and that H. C Richardson or his successor in office, Sheriff of the Parish of Washington, turn over to the plaintiffs the four hundred ninety and 50-100 dollars, seized by him in the raid of their place in Bogalusa, Parish of Washington, on April 2, 1927; defendant to pay all costs of court.